IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JMMJ RESOURCES, LLC. d/b/a SMARTePLANS  §<br>§<br>*Plaintiff* §<br>§<br>v. §<br>§<br>JOHN DAUGHERTY REAL ESTATE, INC. §<br>*Defendant* §<br>§ | Civil Action No. 4:16-cv-2332<br><br>Jury Demanded |

# COMPLAINT

Comes Now JMMJ RESOURCES, LLC., d/b/a SMARTePLANS complaining of JOHN DAUGHERTY REAL ESTATE, INC., and for cause of action respectfully shows as follows:

## PARTIES

1. Plaintiff, JMMJ RESOURCES, LLC. is a Texas Limited Liability Corporation with its principal place of business in Houston, Texas.

2. Defendant John Daugherty Real Estate, Inc. is a Texas corporation. It may be served with process by serving its registered agent for service of process, John A. Daugherty, Jr. at 520 Post Oak Blvd., Suite 600, Houston, Texas 77027, or wherever he may be found.

## JURISDICTION and VENUE

3. This Court has personal jurisdiction over the Defendant because it conducts business in the state of Texas, has committed acts within the State of Texas that violate the laws of the United States and laws of the State of Texas and because it is a Texas corporation with its principal place of business in Houston, Texas.

4.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and § 1338(a) and (b) because Plaintiff's claims arise under the laws of the United States, specifically Plaintiff's claims arise under an Act of Congress relating to trademarks and copyrights.

5.     Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. §§ 1391(b) and 1400 because the acts complained of occurred within the Southern District of Texas and because the Defendant conducts significant business within the boundaries of the Southern District of Texas.

## FACTS

6.     JMMJ Resources is in the business of using a proprietary method of creating interactive images and descriptions of real property known as a "Smart*e*Plan." In the normal course of business, a realtor will hire JMMJ Resources to prepare a Smart*e*Plan, which the realtor will then use as a marketing tool. JMMJ Resources spends considerable effort in creating the Smart*e*Plan product, and the drawings, descriptions and other items associated with the interactive plan are registered with the U.S. Copyright Office.

7.     JMMJ Resources has expended significant resources over numerous years to perfect its product. As a result, it has earned the reputation for quality, and realtors in the market place have developed a trust that spending money to purchasing a Smart*e*Plan is a good investment. Because the cost of producing a Smart*e*Plan can be a significant marketing expense for a realtor, it is usually only commissioned for high-end properties. Typically a realtor earns a fee in the form of a sales commission only if they property is sold while their listing agreement is in place. Thus, all of the marketing expenses, including the cost of a Smart*e*Plan, are borne as out-of-pocket expenses by the realtor. Occasionally a property will

not sell during the term of the listing agreement, and instead of re-listing with the same broker, the seller will engage a competing broker, thus leaving the original broker unable to recoup its marketing expenses. Understandably, the original broker will upset if a new broker markets the property using the Smart*e*Plan or component parts thereof, which were paid for by the original broker. Thus, Plaintiff's policy is that any subsequent broker wishing to license the Smart*e*Plan must pay the current market rate to use the Smart*e*Plan.

8. Judith Sinnard on behalf of JMMJ Resources, LLC designed and prepared a Smart*e*Plan for the real property located at 3741 Meadow Lake Lane in Houston, Texas. The drawings and other materials associated with this Smart*e*Plan were registered with the United States Copyright Office. The Defendant, a subsequent broker for the property, has used and distributed the copyrighted property description contained in Smart*e*Plan. The Defendant had knowledge that the materials it used and distributed were copyrighted.

## CLAIM FOR COPYRIGHT INFRINGEMENT

9. Plaintiff owns a valid copyright to the work entitled "3741 Meadow Lake Lane". This work was registered with the United States Copyright Office effective April 2, 2016 and assigned Registration Number VA 2-005-627. This work was created using the expenditure of significant time, talent and energy.

10. This copyrighted work was widely disseminated to the public, and the Defendant had open and easy access to the work. Melinda C. Noel, as agent for Defendant, copied this work for their own use and benefit without obtaining permission or license from the copyright holder.

11. The actions of Defendant constitute copyright infringement in violation of 18 U.S.C. § 501. Defendants' acts of infringement have caused and will continue to cause damage to Plaintiff, and is causing irreparable harm to Plaintiff for which there is no adequate remedy at law.

## DAMAGES & INJUNCTIVE RELIEF

12. As a result of Defendant's actions, Plaintiff has suffered actual and consequential damages, however, Plaintiff does not yet know the full extent of the damages caused by these actions and such extent cannot be ascertained except by discovery and special accounting. To the fullest extent permitted under principals of equity and law, including as provided for under the law, Plaintiff seeks injunctive relief enjoining Defendant from continuing its unlawful practices. Plaintiff also seeks recovery of monetary damages, including damages for lost profits, unjust enrichment, and benefits received by the Defendant as a result of her actions, and any other damages to which it may be entitled.

## ATTORNEYS FEES

13. Plaintiff is entitled to recover and hereby request that it recover reasonable and necessary attorneys' fees under applicable law.

## CONDITIONS PRECEDENT

14. All conditions precedent to Plaintiff's right to recover as requested herein have occurred or been satisfied.

## JURY DEMAND

15. Plaintiff demands a trial by jury pursuant to Fed. R. Civ. P. 38.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff asks that Defendant be cited to appear and answer and, on final trial, that Plaintiff have judgment against Defendant for the following:

a. An order pursuant to 15 U.S.C. § 1118 to deliver up for destruction all containers, labels, signs, prints, packages, wrappers, receptacles, advertising, promotional material or the like in possession, custody or under the control of Defendant bearing indicia of any kind in violation of 15 U.S.C. § 1125(a);

b. Costs and attorneys' fees under 18 U.S.C . §501, or in the alternative that the Court declare this to be an exceptional case and award Plaintiff its full costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117;

c. Any other remedy to which it may be entitled as provided for in 15 U.S.C. §§ 1116 and 1117,  18 U.S.C. §§502, 503, 504 and 505, and under state law;

d. Actual economic damages;

e. Exemplary damages as allowed by law;

f. Preliminary and permanent injunction;

g. Pre-judgment and post-judgment interest as allowed by law; and

h. All other relief in law or in equity to which Plaintiff may show itself justly entitled.

Respectfully submitted,

_____
W. Shawn Staples
Stanley Frank & Rose
TBN 00788457 ▪ S.D.Tex. No. 17122
7026 Old Katy Rd., Suite 259
Houston, Texas 77024
Tel: 713-980-4381 ▪ Fax: 713-980-1179
wsstaples@stanleylaw.com
Attorney in Charge for Plaintiff,
JMMJ Resources, LLC, d/b/a Smart*e*Plans